# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: August 3, 2021

| | |
|---|---|
| * * * * * * * * * * * * | |
| MOHAMMED K. ALAM *and* JANNATUL * | |
| FERDOUSHI, *parents and natural* * | UNPUBLISHED |
| *guardians of* T.M., *a minor,* * | |
| * | |
| Petitioners, * | No. 16-1469V |
| * | |
| v. * | Special Master Gowen |
| * | |
| SECRETARY OF HEALTH * | Stipulation for Award; Influenza |
| AND HUMAN SERVICES, * | ("flu"); Transverse myelitis. |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * | |

*Robert J. Krakow,* Law Office of Robert J. Krakow, P.C., New York, NY, for petitioner.
*Traci R. Patton,* U.S. Dept. of Justice, Washington, D.C., for respondent.

### DECISION ON STIPULATION[1]

On November 7, 2016, Mohammed K. Alam and Jannatul Ferdoushi, as parents and natural guardians of T.M., filed a petition for compensation under the National Vaccine Injury Program.[2] Petition at Preamble (ECF No. 1). T.M. received an influenza ("flu") vaccine on November 8, 2013. *Id.*; Stipulation (ECF No. 135). Petitioners allege that as a result of T.M. receiving the flu vaccine, she suffered from transverse myelitis. Stipulation at ¶ 4.

On August 3, 2021, respondent filed a stipulation providing that a decision should be entered awarding compensation to petitioner. Stipulation. Respondent denies that the flu vaccine is the cause of T.M.'s transverse myelitis or any other injury. *Id.* at ¶ 6. Nevertheless,

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

maintaining their respective positions, the parties now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation to the petitioner according to the terms of the stipulation attached hereto as Appendix A.  *Id.* at ¶ 7.

The stipulation provides:

1) **A lump sum of $131,156.00, which amount represents compensation for the first year life care expenses ($6,156.00) and pain and suffering ($125,000.00), in the form of a check payable to petitioners as guardian(s)/conservator(s) of the estate of TM for the benefit of TM.  No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as guardian(s)/conservator(s) of TM's estate;**

2) **A lump sum of $20,000.00, which amount represents reimbursement of a lien for services rendered on behalf of TM, in the form of a check payable jointly to petitioners and Department of Social Services, and mailed to:**

   **New York City**
   **Human Resources Administration**
   **Division of Liens and Recovery**
   **P.O. Box 414799**
   **Boston, MA 02241-4799**
   **Case #: 956429**

   **Petitioners agree to endorse this check to the Department of Social Services.**

3) **An amount sufficient to purchase the annuity contract described in paragraph 10 of the stipulation, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").**

This amount represents compensation for all damages that would be available under 15(a). Stipulation at ¶ 8.

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein.  The Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MOHAMMED K. ALAM and JANNATUL FERDOUSHI, parents and natural guardians of T.M., a minor,<br><br>    Petitioners,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | No. 16-1469V<br>Special Master Gowen<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their daughter, TM, petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to TM's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. TM received the immunization on November 8, 2013.

3. The vaccine was administered within the United States.

4. Petitioners allege that TM suffered from transverse myelitis as a result of receiving the vaccine.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of TM as a result of her condition.

6. Respondent denies that the vaccine caused TM to suffer from transverse myelitis or any other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum of $131,156.00, which amount represents compensation for first year life care expenses ($6,156.00) and pain and suffering ($125,000.00), in the form of a check payable to petitioners as guardian(s)/conservator(s) of the estate of TM for the benefit of TM. No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as guardian(s)/conservator(s) of TM's estate;
>
> b. A lump sum of $20,000.00, which amount represents reimbursement of a lien for services rendered on behalf of TM, in the form of a check payable jointly to petitioners and DEPARTMENT OF SOCIAL SERVICES, and mailed to:
>
> > New York City
> > Human Resources Administration
> > Division of Liens and Recovery
> > P.O. Box 414799
> > Boston, MA 02241-4799
> > Case #: 956429
>
> Petitioners agree to endorse this check to the Department of Social Services.
>
> c. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").
>
> These amounts represent compensation for all damages that would be available under 42

U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

- a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
- b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
- c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;
- d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of TM, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioners, as the court-appointed guardian(s)/conservator(s) of the estate of TM, for the following items of compensation:

> a. For future unreimbursable Insurance Premium expenses, beginning on the first anniversary of the date of judgment, an annual amount of $2,856.00 to be paid up to the anniversary of the date of judgment in year 2026, increasing at the rate of four percent (4%), compounded annually from the date of judgment.
>
> b. For future unreimbursable Medicare Part B Deductible expenses, beginning on the anniversary of the date of judgment in year 2072, an annual amount of $203.00 to be paid for the remainder of TM's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.
>
> c. For future unreimbursable Case Management expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,500.00 to be paid up to the anniversary of the date of judgment in year 2030, increasing at the rate of three percent (3%), compounded annually from the date of judgment.
>
> d. For future unreimbursable Physiatrist and Orthopedist expenses, beginning on the anniversary of the date of judgment in year 2026, an annual amount of $164.00 to be paid up to the anniversary of the date of judgment in year 2029. Then, on the anniversary of the date of judgment in year 2029, a lump sum of $2,048.00, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

e. For future unreimbursable therapy expenses including Gym Membership and Joining Fee, Physical Therapy, and Occupational Therapy Evaluation, beginning on the first anniversary of the date of judgment, an annual amount of $300.00 to be paid up to the anniversary of the date of judgment in year 2025. Then, on the anniversary of the date of judgment in year 2025, a lump sum of $940.00. Then, beginning on the anniversary of the date of judgment in year 2026, an annual amount of $1,190.00 to be paid up to the anniversary of the date of judgment in year 2072. Thereafter, beginning on the anniversary of the date of judgment in year 2072, an annual amount of $70.00 to be paid for the remainder of TM's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

f. For future unreimbursable Counseling expenses, on the anniversary of the date of judgment in year 2029, a lump sum of $4,200.00, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

g. For future unreimbursable AFO and Hand Splint expenses, beginning on the anniversary of the date of judgment in year 2026, an annual amount of $346.67 to be paid up to the anniversary of the date of judgment in year 2071. Then, on the anniversary of the date of judgment in year 2071, a lump sum of $80.00. Then, on the anniversary of the date of judgment in year 2073, a lump sum of $192.00. Thereafter, beginning on the anniversary of the date of judgment in year 2074, an annual amount of $69.33 to be paid for the remainder of TM's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

h. For future unreimbursable Ancillary Service expenses, beginning on the anniversary of the date of judgment in year 2072, an annual amount of $3,000.00 to be paid for the remainder of TM's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments may be provided to the petitioners in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to the petitioners and do not require that the payment be made in one annual installment. The petitioners will continue to receive the annuity payments from the Life Insurance Company only so long as TM is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services, and the Life Insurance Company shall be provided within twenty (20) days of TM's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioners and their attorneys represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of TM as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardian(s)/conservator(s) of TM's estate under the laws of the State of New York. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardian(s)/conservator(s) of TM's estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of TM at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of TM upon submission of written documentation of such appointment to the Secretary.

17. In return for the payments described in paragraphs 8 and 12, petitioners, in their individual capacities and as legal representatives of TM, on behalf of themselves, TM, and her heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or

unsuspected personal injuries to or death of TM resulting from, or alleged to have resulted from the vaccination administered on November 8, 2013, as alleged by petitioners in a petition for vaccine compensation filed on or about November 7, 2016, in the United States Court of Federal Claims as petition No. 16-1469V.

18. If TM should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioners hereby authorize respondent to disclose documents filed by petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccine caused TM to suffer from transverse myelitis or any other injury or condition.

23. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of TM.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

*Mohammed K Alam*
MOHAMMED K. ALAM

**PETITIONER:**

*[signature]*
JANNATUL FERDOUSHI

**ATTORNEY OF RECORD FOR PETITIONERS:**

*Robert J. Krakow*
ROBERT J. KRAKOW, ESQ.
Law Office of Robert J. Krakow, P.C.
The Woolworth Building
233 Broadway, Suite 2320
New York, NY 10279
Tel: (212) 227-0600
Email: rkrakow@krakowlaw.com

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*Heather L. Pearlman*
HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*Dale Mishler, DHSc, for*
TAMARA OVERBY
Acting Director, Division of Injury
 Compensation Programs
Healthcare System Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

Date: 07/27/21

**ATTORNEY OF RECORD FOR RESPONDENT:**

*Traci K Patton
by Heather L Pearlman*
TRACI R. PATTON
Assistant Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: 202-353-1589
Email: Traci.Patton@usdoj.gov

9