# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: December 9, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| MOHAMMED K. ALAM *and* JANNATUL | * | |
| FERDOUSHI, *parents and natural* | * | UNPUBLISHED |
| *guardians of* T.M., *a minor,* | * | |
| | * | |
| Petitioners, | * | No. 16-1469V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Modified Judgment; Damages. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Robert Joel Krakow,* Law Office of Robert J. Krakow, P.C., New York, NY, for petitioner.

*Traci R. Patton,* Department of Justice, Washington, DC, for respondent.

### DECISION GRANTING ENTRY OF MODIFIED JUDGMENT[1]

On November 7, 2016, Mohammed K. Alam and Jannatul Ferdoushi, as parents and natural guardians of T.M., filed a petition for compensation under the National Vaccine Injury Program.[2] Petition at Preamble (ECF No. 1). T.M. received an influenza ("flu") vaccine on November 8, 2013. *Id.* Petitioners allege that as a result of T.M. receiving the flu vaccine, she suffered from transverse myelitis. *Id.*

Following a 15-week order, respondent filed a stipulation for award on August 3, 2021. Stipulation (ECF No. 135). The Decision on Stipulation (the "Decision") was issued the same

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

day, and Judgment ("the Judgment") was entered on September 3, 2021. (ECF No. 136-137). The Judgment awarded compensation as follows:

1) A lump sum of $131,156.00, which amount represents compensation for the first year life care expenses ($6,156.00) and pain and suffering ($125,000.00), in the form of a check payable to petitioners as guardian(s)/conservator(s) of the estate of T.M. for the benefit of T.M. No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as guardian(s)/conservator(s) of T.M.'s estate;

2) A lump sum of $20,000.00, which amount represents reimbursement of a lien for services rendered on behalf of T.M., in the form of a check payable jointly to petitioners and Department of Social Services and mailed to: New York City; Human Resources Administration; Division of Liens and Recovery; P.O. Box 414799; Boston, MA 02241-4799; Case #: 956429. Petitioners agree to endorse this check to the Department of Social Services; and

3) An amount sufficient to purchase the annuity contract described in paragraph 10 of the stipulation, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

Judgment at 1.

In June 2022, the parties contacted my chambers indicating that there was an issue with the guardianship and on June 14, 2022, I issued a scheduling order for the parties to resolve the guardianship issue and file a status report in thirty days. *See* non-pdf Scheduling Order, June 14, 2022. A status conference was held on September 13, 2022, in which the parties advised the Court that the costs of establishing and maintaining a guardianship for her pain and suffering damages for a minor in New York State for the relatively short time before T.M reaches majority, is particularly onerous. Subsection One of the judgment based on the stipulation, awarded a lump sum of $131,156.00, which included compensation for the first year life care expenses ($6,156.00) and pain and suffering ($125,000.00), and required the establishment of a guardianship for these funds prior to payout. On December 6, 2022, the parties filed a Motion for Relief from Judgment and Entry of Modified Judgment. Motion ("Mot.") (ECF No. 148).

In order to reduce costs to the Fund while protecting the interests of the minor, the parties have requested a limited modification of the original judgment. Mot. at 1-6. The parties request that I modify Paragraph One the Judgment as follows:

A. The sum of $6,156.00 for first year life care expenses to be paid directly to the petitioners.

B. The Respondent to purchase an annuity for the sum of $125,000.00 to compensate the minor for her pain and suffering. The annuity to be held by the designated insurance company until TM reaches majority on October 3, 2025. At such time the sum of $133,572.70 shall be paid to TM.

Mot. at 3.

      In all other respects the judgment shall remain as originally entered.

## ANALYSIS

      Under Vaccine Rule 36, Appendix B, RCFC (the "Vaccine Rules"), a party may seek relief from judgment pursuant to RCFC 60(a) or 60(b). Here, the circumstances for relief under RCFC 60(a) do not apply.[3] RCFC 60(b) delineates five specific circumstances for relief, plus a catch-all permitting a party to obtain modification of a decision based upon "any other reason that justifies relief." RCFC 60(b)(6).

      The grounds for relief under RCFC 60(b)(6) require a greater showing of "extraordinary circumstances" than the other subparts of RCFC 60(b). *See Ackerman v. United States*, 340 U.S. 193, 198, 202 (1950) (finding petitioner did not fulfill the "extraordinary circumstances" requirement necessary for vacating judgment). The Court of Federal Claims has granted relief under RCFC 60(b)(6) only where, without such relief, substantial rights of a party would be violated. *See Freeman v. Sec'y of Health & Hum. Servs.*, 35 Fed. Cl. 280, 281 (1996) (finding the alleged circumstances "warrant the reopening of the case in the interest of justice."); *Coleman v. Sec'y of Health & Hum. Servs.*, No. 06-0710, 2011 WL 6828475, *4 (Fed. Cl. Spec. Mstr. Dec. 7, 2011) (finding relief from judgment proper under Rule 60(b)(6) to prevent "harm to substantial rights of petitioner that would result if the requested relief were not granted.").

      As a remedial provision, Rule 60(b) is to be "liberally construed for the purpose of doing substantial justice." *Patton v. Sec'y of Health & Hum. Servs.*, 25 F.3d 1021, 1030 (Fed. Cir. 1994). Special masters have discretion regarding whether to grant relief under Rule 60(b), and to weigh equitable factors in the exercise of that discretion. *See McCray v. Sec'y of Health & Hum. Servs.*, No. 11-567V, 2014 WL 2858593, at *1 (Fed. Cl. Spec. Mstr. May 29, 2014) (citing *CNA Corp. v. United States*, 83 Fed. Cl. 1, 7 (2008)).

      Motions for relief from judgment under RCFC 60(b)(6) have been deemed appropriate under a number of circumstances. *See Mojica v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 96, 101–02 (2011) (vacating prior judgment dismissing the claim when petitioner's petition was lost by a third-party courier service, and, as a result, the petition was not filed within the statute of limitations); *Coleman*, 2011 WL 6828475, at *6 (granting petitioner's motion for relief from judgment because failure to review supplemental expert reports filed after the filing deadline would have unduly prejudiced the petitioner).

---

[3] RCFC 60(a) concerns corrections based on "minor" clerical mistakes, oversights, and omissions. *See Patton v. Sec'y of Health & Hum. Servs.*, 25 F.3d 1021, 1029 (Fed. Cir. 1994) ("[S]ubdivision (a) covers those omissions or mistakes resulting from a court's failure to perform a ministerial duty, as opposed to a deliberative or discretionary act addressable by subdivision (b)."). The rule states, in relevant part, "[t]he Court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." The Court may act on motion or on its own, without notice to the parties involved. RCFC 60(a). This case does not present such a minor clerical mistake, but rather seeks to modify the Judgment's mechanism to establish and maintain a guardianship.

Here, I find that the parties have established a basis for modification of the September 3, 2021, Judgment under RCFC 60(b)(6). The Motion does not challenge or dispute the underlying merits of the prior decision, it merely modifies the mechanism to direct respondent to purchase an annuity rather than issue a $125,000.00 lump sum payment under subsection one. It also requests that the first year life care plan expense of $6,156.00 be paid to the petitioners. I have reviewed the motion, spoken with counsel, and agree that the requested modification protects the interest of the minor and reduces cost to the fund. Such circumstances constitute sufficient grounds to grant the modification requested under RCFC 60(b)(6), and I find that it is in the best interest of the minor to do so. In all other respects the original judgment remains as originally entered and shall remain effective as of the date of original entry.

## CONCLUSION

For the reasons above, I **GRANT** the parties' Joint Motion for Relief from Judgment and Entry of Modified Judgment. Accordingly, the Clerk of Court is hereby instructed to amend the September 3, 2021, Judgment in this matter, substituting the language below for the language in paragraph one. In all other respects the judgment remains the same:

a. A lump sum of $6,156.00 in the form of a check payable to petitioners for first year life care expenses; and

b. An annuity contract purchased in the amount of $125,000.00 paid to the Life Insurance Company as described below, with the payment payable to TM when she reaches the age of majority on October 3, 2025.

1. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1,or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

2. The purchase price of the annuity shall be $125,000.00 paid to the Life Insurance Company, and will be used to fund a lump sum payment of $133,572.70 on October 3, 2025, paid to TM. In the event that the cost of the annuity varies from $125,000.00, the certain lump sum payable on October 3, 2025, shall be adjusted upward or downward to ensure that the total cost of the annuity shall remain fixed at exactly

$125,000.00. Should TM predecease payment of the certain lump sum set forth above, the certain lump sum payment shall be made to her estate. However, written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within **twenty (20)** days of TM's death.

3. The annuity contract shall be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of this judgment. The parties agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amount set forth herein and that they do not guarantee or insure the future annuity payment. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to the future annuity payments.

4. The obligation of the annuity company to make the certain lump sum payment set forth in paragraph 2 above shall be discharged upon the mailing of a valid check in the amount of such payment to the address designated by the party to whom the payment is required to be made. Any payment lost or delayed through no fault of the annuity company shall be promptly replaced by the annuity company, but the annuity company is not liable for interest during the interim.

5. The parties stipulate and agree that the certain lump sum payment set forth in paragraph 2 above cannot be assigned, accelerated, deferred, increased, or decreased by the parties, that no part of the annuity payment called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner, and that petitioners shall not have the power or right to sell, assign, mortgage, encumber, or anticipate said annuity payment, or any part thereof, by assignment or otherwise.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with these terms.[4]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by jointly filing notice renouncing their right to seek review.