# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: July 23, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| MOHAMMED K. ALAM *and* JANNATUL FERDOUSHI, *parents and natural guardians of* T.M., *a minor*, | * * * * | |
| Petitioners, | * * | No. 16-1469V |
| v. | * * | Special Master Gowen |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * | | |

*Robert Joel Krakow*, Law Office of Robert J. Krakow, P.C., New York, NY, for Petitioners.
*Traci R. Patton*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 28, 2023, Mohammed K. Alam and Jannatul Ferdoushi, as parents and natural guardians of T.M., ("Petitioners") filed a motion for attorneys' fees and costs. Petitioners' Motion for Attorney Fees ("Fees App.") (ECF No. 155). For the reasons discussed below, I **GRANT** Petitioners' motion for attorneys' fees and costs and award a total of **$241,260.83.**

### I.     Procedural History

On November 7, 2016, Mohammed K. Alam and Jannatul Ferdoushi, as parents and natural guardians of T.M., filed a petition for compensation under the National Vaccine Injury Program.[2] (Petition) (ECF No. 1). Petitioners allege that as a result of T.M. receiving influenza ("flu") vaccine on November 8, 2013, she suffered from transverse myelitis. *Id*. On August 3, 2021, the parties

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) (Vaccine Act or the Act. All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

filed a stipulation, which I adopted as my decision awarding compensation on the same day. (ECF No. 136). The parties filed a Joint Motion for Relief from Judgment and Entry of Modified Judgment on December 6, 2022, to lower the administrative costs to the Trust Fund associated with the establishment of a guardianship. (ECF No. 148). On December 9, 2022, I issued my decision granting entry of modified judgment, modifying only the mechanism of payment of the judgment, with all other aspects of the original judgment remaining as originally entered. (ECF No. 150).

On July 28, 2023,[3] Petitioners filed a motion for attorneys' fees and costs. Petitioners request compensation for their attorney, Mr. Robert Krakow, in the total amount of $248,295.83, representing $167,891.00 in attorneys' fees, $36,654.83 in costs, and $43,750.00 for costs incurred for future maintenance of the guardianship. Fees App. at 37-38. Pursuant to General Order No. 9, Petitioners warrants they have not personally incurred any costs in pursuit of their claim. Fees App. Ex. 6. Respondent reacted to the fees motion on August 14, 2023, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking that I exercise my discretion and determine a reasonable award for attorneys' fees and costs. Response at 2, 4. (ECF No. 156). Respondent further states that he "defers to the special master to determine whether the $43,750.00 requested for costs associated with maintenance of the guardianship (through 2025) is reasonable, and notes that annuity payments for life care costs total $25,420.00 through 2025 in present year dollars. *See* ECF Doc. No. 135 (Stipulation) at ¶ 10 (detail of future care expenses)." Response at 4, n. 5. Petitioners filed a reply on August 15, 2023, asserting that "[t]he costs associated with the guardianship are driven by the requirements of the Surrogate of Queens County in New York City. As petitioners have explained through the affidavit of their Guardianship attorney, Saundra Gumerove, (Exhibit 43-Tab 11) and the documents issued by the Queens County Surrogate's Court (Exhibit 43-Tabs 8-13), there are strict requirements imposed by the Queens County Surrogate for the maintenance of the Guardianship. *See*, Pet. Motion (ECF 155) at 23-28. Considering the Surrogate's Court's requirements, the costs requested for maintenance are necessary, reasonable, and unavoidable." Reply at 2. (ECF No. 157).

The matter is now ripe for adjudication.

**II.    Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioners were awarded compensation pursuant to a stipulation, they are entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed.

---

[3] Petitioners initially filed a motion for attorneys' fees and costs on May 4, 2022; however, this motion was stricken from the record on Petitioners' motion. *See* Order (NON-PDF) granting Motion to Strike, filed August 8, 2023.

Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a. Attorneys' Fees

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Avera, 515 F.3d at 1348 (quoting *Blum,* 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera,* 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. Id. This is known as the Davis County exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA,* 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) motion for recons. denied, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015-2016 and from 2017-2022, which can be accessed online.

I have reviewed the rates requested by Petitioners for the work of their counsel, Mr. Robert Krakow, and I find the rates requested herein to be consistent with what Mr. Krakow has previously been awarded for his Vaccine Program work and reasonable in light for the work performed in this case.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioners are entitled to final attorneys' fees of **$167,891.00**.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioners request total attorneys' costs in the amount of $36,654.83. This amount is comprised of acquiring medical records, postage, copies, and the Court's filing fee. Fees App. Ex. 2 at 90-91; Ex. 3 at 1. This amount also includes guardianship proceeding services performed by attorney Saundra Gumerove, Esq. in the amount of $9,723.24, and for life care planning services performed by Jane Mattson Associates, Inc. *Id.*

For her life caring planning services, Dr. Mattson requests a total of $23,721.00 for 46.9 hours at a rate of $500.00 per hour, $265.00 for travel, and $6.00 for telephone charges. Fees App. Ex. 5. Dr. Mattson is trained as an occupational therapist and founded Jane Mattson Associates, Inc. in 1983. Fees App at 21-22. However, the rate at which Petitioners seek reimbursement is

3

well-above the amount that has previously awarded to other life care planners in the program. Previous rates that have been awarded to experienced life care planners range from $125.00 per hour to $250.00 per hour. *See Brown v. Sec'y of Health & Human Servs.*, No. 18-786V, 2022 WL 3591238 (Fed. Cl. Spec. Mstr. July 28, 2022) (approving a rate of $125.00 per hour for an experienced life-care planner); *Peters v. Sec'y of Health & Human Servs.*, No. 16-638V, 2021 WL 4269915 (Fed. Cl. Spec. Mstr. April 20, 2021) (approving a rate of $250.00 per hour for work performed by a registered nurse and experienced life care planner). While it appears that Dr. Mattson is an experienced life care planner, the hourly rate she is requesting far exceeds the hourly rate that other experienced life care planners in the Vaccine Program have received. *See Strickland v. Sec'y of Health & Hum. Servs.*, No. 18-269V, 2023 WL 2364907, at *6-7 (Fed. Cl. Spec. Mstr. Mar. 6, 2023) (finding that a rate of $575.00 per hour in 2019, and $595.00 per hour in 2020-2021, billed by the life care planner far exceeded the hourly rate that other experienced life care planners in the Vaccine Program had received, and approving a rate of $350.00 per hour). Therefore, I am reducing Dr. Mattson's hourly rate to $350.00 per hour for the life care planner services she provided in this case.

Applying the reduced hourly rate of $350.00, Dr. Mattson's reimbursement total will be $16,686.00, representing a total reduction of **$7,035.00**.

Petitioners have provided adequate documentation supporting all of their remaining requested costs, and Respondent also has not identified any particular costs as objectionable. Petitioners are therefore awarded the full amount of costs sought.

### c. Future Maintenance of Guardianship

Petitioners request a total of $43,750.00 in future attorneys' fees necessary for maintaining the guardianship until T.M. reaches the age of majority in October 2025. Fees App. at 36. This amount includes $16,000.00 for semi-annual applications for withdrawals from the guardianship bank account for a term of 4 years, $1,000.00 for annual accountings for 2021-2022, $12,000.00 for annual accountings for 2023-2025, $8,400.00 for future attorneys' fees (consultations) over a term of 4 years, and $6,350.00 to terminate the guardianship. *See* Fees App. Ex. 7.

Per the Federal Circuit's decision in *McCulloch v. Sec'y of Health & Human Servs.*, costs associated with maintenance of the guardianship fall under 42 U.S.C. § 300aa-15(e)(1) as reasonable attorneys' fees and other costs "incurred in any proceeding on [a Vaccine Act] petition." 923. F.3d 998, 1003 (Fed. Cir. 2019). Accordingly, the award of such future fees and costs is proper in the instant case.

Concerning the reasonableness of the future attorneys' fees and costs, Petitioners have submitted a statement from Saundra M. Gumerove, Esq., which provides detailed explanations of the requested costs related to the future maintenance of the guardianship. Fees App. Ex. 7. I have reviewed the projection of future fees and costs by Ms. Gumerove, and they appear reasonable. While Respondent noted that the annuity payments for life care costs total $25,420.00 through 2025, Respondent also has not specifically challenged the anticipated future fees and costs as unreasonable. In fact, the parties mutually agreed upon a restructuring of the stipulation of settlement, which drastically reduced the guardianship costs from 131,750.00 to $43,750.00. Accordingly, I find these costs to be reasonable and shall award them in full.

### III.   Conclusion

In accordance with the foregoing, I hereby **GRANT** Petitioners' motion for attorneys' fees and costs and find that Petitioners are entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $167,891.00 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$167,891.00** |
| | |
| Attorneys' Costs Requested | $36,654.83 |
| (Reduction of Costs) | ($7,035.00) |
| **Total Attorneys' Costs Awarded** | **$29,619.83** |
| | |
| **Future Maintenance of Guardianship** | **$43,750.00** |
| | |
| **Total Attorneys' Fees and Costs** | **$241,260.83** |

**Accordingly, I award the following:**

1) **A lump sum in the amount of $197,510.83, representing reimbursement for Petitioners' attorneys' fees and costs, in the form of a check payable to Petitioners and their counsel, Mr. Robert Krakow.**

2) **A lump sum in the amount of $43,750.00, representing future costs for guardianship maintenance, in the form of a check payable to Petitioners and their counsel, Mr. Robert Krakow.[4]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance herewith.[5]

   **IT IS SO ORDERED.**

/s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[4] These amounts are intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).